## Private Employment Agencies.

*Employment agencies—License—Exemption—Commissary—Act of June 7, 1915.*

1. An employment agency seeking to establish the right to exemption from the necessity of taking out a license as required by the Act of June 7, 1915, P. L. 888, can only establish such right by showing strict compliance with all the terms upon which the right to exemption is predicated in the act.

2. Where an employer owns a commissary and grants the privilege of operating it to another, who, in turn, secures employees thereby for the owner, a license need not be obtained if the concession is operated as a *bona fide* department or bureau of the employer, and employees are obtained exclusively for him, no charges or fees whatsoever being imposed, either directly or indirectly, upon those seeking employment. If, however, the commissary charges are greater where employment is secured, or if it is a condition of employment that the commissary must be patronized, such conditions take the operation of the business out of the scope of the exemption and a license would be required.

Department of Justice.   Opinion to Hon. Royal Meeker, Commissioner of Labor and Industry.

WALLACE, Dep. Att'y-Gen., June 25, 1923.—Your communication of May 29, 1923, addressed to the Attorney-General, has been referred to me for an opinion, the request being as follows: "In accordance with Act 397, Pennsylvania Statutes, 1915, as recently amended, must a man, firm or corporation which owns and operates a commissary—and in return for the commissary privilege granted it secures employees for the employer from whom it has received the commissary privilege, charging no fee whatever on account of the profit it makes from lodging and boarding the employees—take out a private employment agency license?"

Employment agencies are regulated through the Commissioner of Labor and Industry by the Act approved June 7, 1915, P. L. 888, and by the 2nd section thereof an employment agent is defined as follows: "The term 'employment agent,' as used in this act, shall mean every person, copartnership, association or corporation engaged in the business of assisting employers to secure employees, and persons to secure employment, or of collecting and furnishing information regarding employers seeking employees, and persons seeking employment: Provided, that no provision of any section of this act shall be construed as applying to agents procuring employment for school teachers exclusively; nor to registries of any incorporated association of nurses; nor to departments or bureaus maintained by persons, firms or corporations or associations for the purpose of obtaining help for themselves, where no fee is charged the applicant for employment."

It will be noticed that there are three exceptions to the general definition of employment agent, to none of which does the act apply:   1. Agents pro-

curing employment for school teachers exclusively. 2. To registries of any incorporated association of nurses. 3. To departments or bureaus maintained by persons, firms or corporations or associations for the purpose of obtaining help for themselves, where no fee is charged the applicant for employment.

Whether or not the third exception above enumerated controls the subject of your inquiry is the matter we have for determination. As a general proposition, it would seem that, under the provisions of the act, a party is an "employment agent" who keeps a commissary or boarding-house, and further, in connection therewith, engages in the business of providing employees for the employer who granted the commissary privilege, even though he receives no fee from the employees, as we would naturally assume that he receives some consideration or fee from his employer, the corporation, granting the commissary privilege. But the statement of your inquiry is that no fee whatsoever is charged or received, either from the employees who have secured employment or from the employer, other than the profit the agent makes from lodging and boarding the employees under his commissary privilege from the employer. In order to determine whether or not such an agent is excepted from the provisions of the act, a strict examination of the statute is necessary, as all such exceptions must be construed strictly.

In Folmer's Appeal, 87 Pa. 133, it is held that a proviso engrafted upon a preceding enactment taking special cases out of the general enactment is always to be strictly construed. It takes no case out of the enacting clause which is not fairly within the terms of the proviso. In order to bring this case within the third exception, the following facts must necessarily appear: 1. That the agency maintaining the commissary and procuring employees for the employer is a department or bureau maintained by the employer for the purpose of obtaining help for itself. 2. Where no fee is charged the applicant (or the employee), either directly or indirectly, for such employment.

In section 11 we find this provision: "Every employment agent shall file with the commissioner, for his approval, a schedule of fees proposed to be charged for any services rendered to employers seeking employees and persons seeking employment. The schedule of fees may be changed only with the approval of the commissioner."

And just following the above language we find this significant provision: "No registration or other fees in lieu thereof shall be charged or received by such employment agent."

It is plainly the intent of the law to prevent deception or evasion in complying with the spirit as well as the letter of the definitive provision of this act as quoted above from the 2nd section thereof. It is natural to assume that where persons are conducting an employment agency—employees are procured and employment furnished—some remuneration is expected and most likely received for such services. If, however, the employment agent is a *bona fide* department or bureau of the employer and his business of obtaining employees is providing exclusively for his employer, and if no fees or charges whatsoever are imposed, either directly or indirectly, upon those seeking employment, then unquestionably such agency would come under the exception above, and no license would be required. If, however, on the other hand, fees or extra charges are imposed upon the employee in the nature of additional charges or expenses of lodging or boarding, or if any requirements that said employees shall be lodged or boarded at the commissary, then it would be such an evasion of the law as would not come within the exception referred to, and the agency would be required to procure a license.

I, therefore, have the honor to advise that if proof is obtainable that the agency or agencies in question are either charging fees to the employees or are adding anything whatsoever to the regular reasonable or customary expense of lodging and boarding such employees, or are imposing any conditions of employment requiring those employed to be lodged and boarded at any such commissary, such would be a violation of the law, and such agency or agencies must first procure a license from your department.

From C. P. Addams, Harrisburg, Pa.